Hely, J.
A. Introduction
Counts Three, Eleven and Twelve were withdrawn by the plaintiff and dismissed while the case was pending in the United States District Court. On the remaining claims against the Town of Oxford, the discretionary function immunity under G.L.c. 258, sec. 10(b) entitles the Town to summary judgment.
With respect to the defamation claim against Dennis A. Power, the plaintiff has presented sufficient evidence to overcome summary judgment on the publication issue.
B. Negligent Investigation and Discretionary Acts Immunity; Counts One, Two and Four through Ten Against the Town
Counts One, Two, and Four Through Ten against the Town as a public employer are primarily based on allegations that Sergeant Michael J. Boss and Detective Anthony P. Saad of the Oxford Police negligently conducted a criminal investigation. The investigation included allegations of criminal activity by the plaintiff while he was Chief of Police of Oxford. Counts Four, Five, Eight and Nine also allege that Sergeant Boss and Officer Saad failed to properly train and supervise Brenda Bonneau, a civilian informant in the investigation.
Count One alleges that Town Manager Power knew of and negligently permitted and encouraged Sergeant Boss and Detective Saad’s investigation of the plaintiff. Count One alleges that Town Manager Power negligently supervised the investigation. Count One further alleges that Town Manager Power negligently failed to inform the other selectmen of the investigation.
Count Two alleges that Selectman Joseph H. Roy, Jr. knew of and negligently encouraged and permitted the investigation of the plaintiff. Count Two alleges that Selectman Roy failed to take appropriate action on the investigation and failed to timely disclose it to the selectmen.
A public employer is not liable for negligence claims if they are based upon “the exercise or performance or the failure to exercise or perform a discretionary function or duly” on the part of a Town employee acting within the scope of his employment, “whether or not the discretion is abused.” G.L.c. 258, § 10(b). The Town is immune from Counts One, Two, and Four through Ten under the discretionary function immunity as that immunity has been interpreted and applied in Sena v. Commonwealth, 417 Mass. 250, 254-59 (1994). These counts amount to claims of a negligently conducted investigation, regardless of whether plaintiffs counsel also characterizes them as a negligent failure to supervise or train the investigation participants. These are precisely the kinds of claims that the court has held in Sena to be subject to the discretionary function immunity. The claims in Counts One, Two and Four through Ten are in substance no different than the claims in Sena and in the federal cases summarized in Sena. 417 Mass. at 251-59.
The plaintiff contends that his claims based on the investigation by Sergeant Boss and Officer Saad come within an exception to the discretionary function immunity because as officers of the Delta T ask Force they violated officially established task force procedures. The plaintiff contends that the two officers initiated the investigation without a direction of a superior officer and they investigated allegations about a task force member (the plaintiff) without submitting their findings to the subject’s police chief (also the plaintiff). See Sena, 417 Mass. at 257 n.5.
There is undisputed evidence that' the allegations about the plaintiff came to the attention of these two officers while they were conducting one or more pre-ex-isting investigations, including an investigation involving Arnold Villatico. Sergeant Boss was Detective Saad’s superior officer. They were both assigned to the task force. Sergeant Boss informed Charlton Police Chief Stevens and Town Manager Power of the allegations about the plaintiff. Chief Stevens, like the plaintiff, was a member of the Delta Task Force Board of Supervisors.
The Delta Task Force policy manual relied on by the plaintiff naturally does not create an “established departmental procedure” telling officers what to do when they receive allegations of criminal activity by their own police chief and a task force supervisor. In the extraordinary circumstances of allegations of criminal activity by the chief of police, it cannot fairly be said the officers violated established departmental procedures when they reported the matter one step up the chain of command to the town manager and one step over to another chief of police and task force supervisor. The allegations of criminal conduct by the chief of police created a difficult set of discretionary and policy making issues for the officers. Their decisions on these matters are protected as a matter of law *696 by the discretionary function immunity as interpreted in Sena.
The plaintiff contends that the failure of Town Manager Power and Selectman Roy to inform the other selectmen of the investigation violated established departmental procedures in the Town Charter, Sections 5-3-5. Section 5-3-5 of the Charter requires the town manager to keep the Board of Selectmen “fully informed regarding departmental operations, general problems, and administrative actions, and to this end he shall submit periodic reports to the board.” It is extremely doubtful that the quoted charter section would require the town manager to report to the selectmen the existence of the allegations about the chief at the preliminary stages of the investigation. Even if the plaintiffs interpretation of the charter section is correct, Mr. Power testified that he met with the Chairman of the Board of Selectmen (Mr. Roy), the Town’s labor counsel, Sergeant Boss and Detective Saad. They discussed the plaintiffs relationship with one of the people who was a focus of a drug investigation. The officers had already referred the matter to a state agency. Mr. Power told Mr. Roy that he should inform the other selectmen about the meeting. Mr. Roy said he would inform them. The summary judgment evidence is thus insufficient to show that the town manager’s conduct violated the charter.
With respect to Mr. Roy’s conduct, Section 5-3-5 of the Charter imposes no reporting duty on a selectman.
The plaintiff also says that the defendants violated Section 10-7-1 of the Town Charter. This section states: “The power to make investigations shall be vested in the town meeting, acting through a duly constituted special committee, or the board of selectmen. The board of selectmen may also initiate investigations and may empower the town manager to act on its behalf.” While explicitly recognizing the power of town meeting, a duly constituted special committee and the board of selectmen to make investigations, this section does not purport to prohibit a police detective or a police sergeant from investigating violations of the law. A police department could hardly operate .otherwise.
Finally the plaintiff contends that he has not had the opportunity to discover evidence to support his claims. Two and a half years since the entry of the case ought to be sufficient opportunity.
C. Loss of Consortium: Count Thirteen Against the Town
Jacklyn A. Fleming’s loss of consortium claim against the Town must be dismissed because her husband, the plaintiff James B. Triplett, has no viable claim against the Town. Sena v. Commonwealth, 417 Mass. 250, 264 (1994).
D. Defamation Claim Against Power: Count Fifteen
In response to the summary judgment motion on the defamation claim against Mr. Power, the plaintiff relies on Mr. Roy’s testimony that Mr. Power provided him with a copy of an investigation report regarding the plaintiff. If this occurred after Mr. Roy was no longer a selectman, the publication to Mr. Roy would not be privileged. See Mulgrew v. Taunton, 410 Mass. 631, 634-35 (1991). The plaintiff as a public official could recover if Mr. Power’s publication of the report to Mr. Roy was unprivileged, the statements were false and defamatory, and Mr. Roy published them knowing that they were false or with a reckless disregard to whether they were false. New York Times Co. v. Sullivan, 376 U.S. 254, 283 (1964). There must be clear and convincing proof of malice. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 870-71 (1975).
Summary judgment procedures “are especially favored in defamation cases.” King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987), cert. denied, 485 U.S. 940 and 485 U.S. 962 (1988). The plaintiffs evidence on the present motion, however, is sufficient to overcome Mr. Power’s contention that there is no evidence of publication.
E. Order
Summary judgment will issue dismissing all remaining claims against the Town of Oxford.
The defendant Dennis A. Power’s motion for summary judgment on Count Fifteen is denied because there is evidence of a publication to Mr. Roy when he was not a selectman.